Taft, C. J.
The Tax Commissioner contends that the enactment of Section 5711.22, Revised Code, at the time of the repeal of Section 5711.20, Revised Code, resulted in requiring a taxpayer to list as unproductive investments all those income-yielding investments owned on tax listing day which had not been outstanding for the full calendar year preceding that day.
Unquestionably this would be required of a taxpayer who had not, pursuant to Section 5711.10, Revised Code, adopted the federal election method of “listing his investments yielding income.” However, as to a taxpayer who had adopted that federal election method, that statute still specifically provides that “the aggregate amount of income of the taxpayer from investments * * * taxable * * * [under the intangible tax law] *71 shall be taken as the assessment of his investments yielding income, in lieu of the assessment thereof as otherwise prescribed.” Even though they were “not * * * outstanding for the full calendar year next preceding the date of listing, ’ ’ the Federated Department Store shares of the taxpayers in the instant case represented “investments yielding income” within the meaning of those words as set forth in Section 5711.10, Revised Code. This necessarily follows from the present definition of income yield in Section 5701.10, Revised Code, as, “in the case of shares of stock, the dividends * * * paid or distributed.”
Therefore, our conclusion is that, where a taxpayer properly adopts and follows the federal election method of listing his investments yielding income, he is not required to list again as an unproductive investment an income-yielding investment that was not outstanding for the full calendar year next preceding tax listing day.
Therefore, the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.